UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL HARDY,

Plaintiff,

v.

SPECIALIZED LOAN SERVICING et al.,

Defendants.

Case No. 25-10244
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [52], ADOPTING REPORT AND RECOMMENDATION [50], GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [35], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [42]**

Cheryl Hardy, proceeding *pro se*, believes Specialized Loan Servicing, MEB Loan Trust III, and Bank of America N.A. mishandled her requests for loan documentation and unlawfully foreclosed upon her home. So she filed suit, asserting, in her own words, the following eight claims:

1. Allegations Against Specialized Loan Servicing (RESPA);
2. Unconscionable Contract;
3. Violation of MCL 445.903(x);
4. Violation of FDCPA;
5. Violation of MCL 600.3204 et.al;
6. Action to Set Aside Foreclosure;
7. Violation of UCC Article 3; and
8. Violation of MCL 440.3118(1).

(*See generally* ECF No. 1 (claims listed as pled).)

The Court referred all pretrial matters to Magistrate Judge Anthony P. Patti. (ECF No. 12.) The parties filed cross motions for summary judgment. (ECF Nos. 35, 42.) Judge Patti issued a Report and Recommendation to grant Defendants' motion and to deny Hardy's. (ECF No. 50.) Hardy filed objections to that recommendation (ECF No. 52), and Defendants responded to those objections (ECF No. 53).

For the reasons that follow, Hardy's objections are OVERRULED.

**I.**

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections *de novo*; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "To properly object to a magistrate judge's report and recommendation, however, the objecting party must do more than simply restate the arguments set forth in that party's motion for summary judgment." *Walton v. Unum Life Ins. Co. of Am.*, No. 16-12518, 2017 WL 4161109, at *1 (E.D. Mich. Sept. 20, 2017); *Owens v. Comm'r of Soc. Sec.*, No. 12-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (explaining that "objections" that simply rehash the arguments presented to and rejected by the magistrate judge "undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources.")."If the district court will affirm the magistrate judge's report, then it may simply identify the parts of the record that it reviewed and

state that it found no clear error." *Bruneau v. County of Midland*, 684 F. Supp. 3d 597, 601 (E.D. Mich. 2023) (quoting *Odell v. Kalitta Air, LLC*, No. 22-12290, 678 F. Supp. 3d 904, 911 (E.D. Mich. 2023) (collecting cases)).

**II.**

First, Hardy's motion for summary judgment. (ECF No. 42.) Hardy does not object to Judge Patti's recommendation to deny her motion as "both untimely and without merit." (ECF No. 50, PageID.573.) Thus, the Court need not review this issue any further. Fed. R. Civ. P. 72(b); *Thomas*, 474 U.S. at 150. Hardy's motion for summary judgment (ECF No. 42) is denied.

**III.**

**A.**

The Court turns next to Defendants' motion for summary judgment (ECF No. 35.) Hardy filed seven objections to Judge Patti's recommendation to grant Defendants' motion. (ECF No. 52.) These include:

1. Judge Patti improperly treated an allegation in her complaint as a "judicial admission" for purposes of her claim under Mich. Comp. Laws § 600.3204. (*Id.* at PageID.577–580.)
2. Judge Patti erred in analyzing her RESPA claim "by relying on out-of-circuit authority contrary to the statutory text and HELOC-specific case law." (*Id.* at PageID.580–582.)
3. Judge Patti erred for purposes of her claims for unconscionable contract and violation of Mich. Comp. Laws § 445.903(x) "by evaluating predatory disability

exploitation strictly as a contractual defense rather than a foreclosure irregularity." (*Id.* at PageID.582–584.)

4. Judge Patti erred with respect to her claim of a violation of Article 3 of the UCC by "finding the underlying HELOC note was a negotiable instrument, wrongfully shielding Defendants from proving a chain of custody." (*Id.* at PageID.584–586.)
5. Judge Patti erred for purposes of her claim under Mich. Comp. Laws § 440.3118(1) "by failing to evaluate whether the Defendants' 11-year delay and calculation of time-barred debt constituted equitable laches or a foreclosure irregularity." (*Id.* at PageID.587–589.)
6. Judge Patti erred for purpose of her claim under the Fair Debt Collections Protection Act (FDCPA) "by exclusively applying the 'owed another' definition of a debt collector and ignoring the Defendants' status under the 'principal purpose' prong." (*Id.* at PageID.589–591.)
7. Judge Patti erred for purposes of her claim for an action to set aside foreclosure because "the cumulative statutory and common-law violations constitute a severe foreclosure irregularity." (*Id.* at PageID.591.)

**B.**

But Hardy does not object to Judge Patti's finding that she "filed a response [to Defendants' motion for summary judgment] which does not specifically identify any factual disputes or in any way respond to Defendants' proffered facts." (ECF No. 50, PageID.550 (citing ECF No. 44).) So Judge Patti "adopt[ed] Defendants' facts as

undisputed." (*Id.* (citing ECF No. 23, PageID.156; Fed. R. Civ. P. 56(c).) Hardy does not object to that result. Thus, with no facts in dispute and Defendants satisfying their summary judgment burden, this Court agrees with Judge Patti's recommended disposition to grant Defendants' motion for summary judgment.

**IV.**

This Court reviewed Hardy's complaint (ECF No. 1), Defendants' motion for summary judgment and briefing on the motion (ECF Nos. 35, 44, 46, 47), Hardy's motion for summary judgment and briefing on the motion (ECF Nos. 42, 45), Judge Patti's report and recommendation to grant Defendants' motion and deny Hardy's (ECF No. 50), Hardy's objections to that report and recommendation (ECF No. 52), and Defendants' responses to Hardy's objections (ECF No. 53). Having conducted a *de novo* review, this Court concludes that the facts remain undisputed, that Defendants have satisfied their summary judgment burden, that Judge Patti's factual conclusions are reasonable and correct, that he applied the correct law, and that his legal reasoning is sound. That is, there are no clear or prejudicial errors in Judge Patti's recommendation to grant Defendants' motion for summary judgment (ECF No. 35) and deny Hardy's motion for summary judgment (ECF No. 42).

Thus, Hardy's objections (ECF No. 52) are OVERRULED, Judge Patti's report and recommendation (ECF No. 50) is ADOPTED, Defendants' motion for summary judgment (ECF No. 35) is GRANTED, and Hardy's motion for summary judgment (ECF No. 42) is DENIED. A separate judgment will issue.

IT IS SO ORDERED.

Dated: September 14, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE